UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>LINDA BALDONADO, ET AL.,<br><br>Defendants. | Case No. CV 12-3114 UA (DUTYx)<br><br>**ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION** |

The Court will remand this unlawful detainer action to state court summarily because Defendant removed it improperly.

On April 10, 2012, Defendant Phoebe Kramer, having been sued in what appears to be a routine unlawful detainer action in California state court, lodged a Notice Of Removal of that action in this Court and also presented an application to proceed *in forma pauperis*. The Court has denied the latter application under separate cover because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

Simply stated, Plaintiff could not have brought this action in federal court in

the first place, in that Defendant does not competently allege facts supplying either diversity or federal-question jurisdiction, and therefore removal is improper. 28 U.S.C. § 1441(a); *see Exxon Mobil Corp v. Allapattah Svcs., Inc.*, 545 U.S. 546, 563, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005). Even if complete diversity of citizenship exists, the amount in controversy does not exceed the diversity-jurisdiction threshold of $75,000. *See* 28 U.S.C. §§ 1332, 1441(b). On the contrary, the unlawful-detainer complaint recites that the amount in controversy does not exceed $10,000. Moreover, because Defendant resides in the forum state, Defendant cannot properly remove the action, to the extent diversity jurisdiction is asserted. 28 U.S.C. § 1441(b).

Nor does Plaintiff's unlawful detainer action raise any federal legal question. *See* 28 U.S.C. §§ 1331, 1441(b). Defendant asserts in her removal papers that Plaintiff filed a federal question action under the federal Protecting Tenants at Foreclosure Act ("PTFA"). *See* Pub. L. No. 111-22, § 702, 123 Stat. 1632, 1660-61 (2009) (amended by Pub. L. No. 111-203, § 1484, 124 Stat. 1376, 2204 (2010)). The PTFA, however, does not provide for any private right of action. *Pacific Realty Inv. Group, Inc. v. Sprangler*, No. C 11-5303 PSG, 2011 WL 6020572, *2 (N.D. Cal. Nov. 16, 2011) (denying application to proceed *in forma pauperis* and recommending that case be remanded to state court); *BDA Inv. Properties LLC v. Sosa*, No. CV 11-3684 GAF (RZx), 2011 WL 1810634, *2-3 (C.D. Cal. May 12, 2011) ("[T]he Court also notes that the PTFA . . . cannot even raise a 'substantial federal question' because [it does] not create a private right of action.").

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the Superior Court of California, Los Angeles County, South Central District, Compton Courthouse, 200 West Compton Blvd., Compton, CA 90220, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) that the Clerk send a certified copy of this Order to the state court; and (3) that the Clerk serve copies of this Order on the parties.

IT IS SO ORDERED.

Dated: 4/17/12

_____
AUDREY B. COLLINS
CHIEF UNITED STATES DISTRICT JUDGE